IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN C. TAMEZ | § § | |
| v. | § § | C.A. NO. C-06-320 |
| NUECES COUNTY JAIL | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### I. BACKGROUND

Plaintiff, a prisoner proceeding pro se, filed this civil rights action on July 25, 2006. (D.E. 1). On the same day, a notice of deficient pleading was sent to him indicating that he either had to pay the $350.00 filing fee, or file a motion to proceed in forma pauperis with a certified copy of his inmate trust fund account statement. (D.E. 4). The clerk's notice and notice of deficient pleading were returned undeliverable due to an inability to locate a new address for plaintiff. (D.E. 5, 6, 7).

On August 15, 2006, an order to show cause was issued seeking to ascertain why this action should not be dismissed for failure to either pay the filing fee, or

file a motion to proceed in forma pauperis.  (D.E. 8).  This order to show cause was returned undeliverable due to an inability to locate a new address for plaintiff. (D.E. 9).  To date, plaintiff has neither paid the fee, nor filed a motion to proceed in forma pauperis.  The notice of deficient pleading warns plaintiff that if he "fails to comply on time, the Court may dismiss this case for want of prosecution."  Id.

## II.  DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order.  Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute).  "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'"  Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

It appears that plaintiff has both abandoned this action and failed to comply with orders of this Court.  It is therefore respectfully recommended that the Court dismiss his action for failure to prosecute his claim.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's civil rights action for failure to prosecute.

Respectfully submitted this 6th day of September 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).